IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17-01158 |
| JOHNNY CRESPO MIRANDA & ROSELMI PABON MORALES | CHAPTER 13 |
| Debtors | |

### ANSWER TO TRUSTEE'S UNFAVORABLE REPORT AT DOC # 83

**TO THE HONORABLE COURT:**

Now come debtors through the undersigned attorney and very respectfully prays and states as follows:

1. The bankruptcy petition was filed on February 23,2017 at doc #1.
2. Trustee filed an unfavorable report on proposed plan dated August 30,2017 filed at doc #48 on April 20,2018 at doc #83.
3. Trustee appears to have virtually "embraced" creditor Pedro Velez' unfounded and yet to be proved bald assertions filed at doc #54.
4. We invite Trustee to reexamine Debtors' answer at doc#72. Debtor has denied and rebutted all of creditor's unsupported characterizations one by one.
5. Debtors herein re-allege and incorporate their response and denials to the creditor's averments at Answer *to Objection to Confirmation* filed at doc #73.
6. The Exhibits submitted by creditor Pedro Velez are misleading, speculative and in all probability inadmissible in evidence in an eventual hearing on the merits. Creditor has also failed to comply with applicable Local Rule 5(g) of the United States District Court for the district of Puerto Rico, which provides that "[a}ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied *by a certified translation into English prepared by an interpreter certified by the Administrative*

*Office of the United States Courts*. Certification by a federally - certified interpreter may be waived upon stipulation of all parties"

7. Debtors hope to file an amended Plan on April 30, 2018 to cure the arrearage under the Plan. Debtors have suffered setbacks in their personal lifes and in their finances that have caused default under the proposed Plan.

8. Furthermore, debtors will attempt to increase the base in the hopes that with added effort by debtors by increasing their Plan base, costs of further litigation in the contested matter will be mitigated for all parties.

9. Debtors do anticipate to the Court that none of factors in the "totality of the circumstances" test used by the majority of bankruptcy courts to determine whether a Chapter 13 petition has been filed in bad faith to warrant such an extreme remedy as is the bar to refile, are present in this case. Neither has objecting creditor argued or supported his *Motion to Dismiss* with any of the factors or motivation and conduct of the debtors necessary to justify any such remedy, nor case law cited to support his requested remedy in creditor's April 1, 2018 *Motion to Dismiss With a Bar to Refile.*

**WHEREFORE;** Debtors respectfully pray the Honorable Court to DENY Trustee's Unfavorable Report or *be held in abeyance* until the debtors file amended plan on April 30,2018 with any further relief Court understands proper.

CERTIFICATE OF SERVICE I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using ECF systems which sent a notification of such filing to all those who have registered for receipt of notice by electronic mail I further certify that I have served to the US Trustee, ustpregion21.hr.ecf@usdj.gov and to standing chapter 13 trustee, and by depositing true and exact copies thereof in the United States mail.

Date: Tuesday, April 24, 2018.

*s/MIRIAM S.LOZADA RAMÍREZ*
*ATTORNEY FOR DEBTOR*

*URB. PASEO LOS ROBLES*
*3020 JOSÉ MONGE*
*MAYAGÜEZ, PR. 00682*
*TEL 787-834-3004*
*FAX 787-986-7346*
*miriamlozada@gmail.com*