UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 17-01158-EAG |
| JOHNNY CRESPO MIRANDA & ROSELMI PABON MORALES XXX-XX-8361 & XXX-XX-4626 Debtors | CHAPTER 13 *Motion to Dismiss with Bar to Refile doc #75* |
| | |

### OPPOSITION to CREDITOR VELEZ MOTION to DISMISS

**TO THE HONORABLE COURT:**

COME NOW Debtors through their undersigned attorney and respectfully aver, oppose and pray for denial of *Motion to Dismiss*:

1. Debtors admit averment #1.

2. Debtors admit averment #2. Debtors clarify that all of Puerto Rico has been in the midst of Hurricane Maria and its recovery which has resulted in unexpected expenses and costs that has further exacerbated debtors' negative disposable income determined at petition date which has caused debtors what is hoped has been a temporary setback. Debtors intend to cure their admitted default under their Plan prospectively under the circumstances of the disaster of Hurricane Maria.

3. Debtors admit averment #3 yet clarify that this averment is not relevant to any basis for the remedy sought of dismissal with bar to refiling of 180 days.

4. Debtors admit averment #4 yet clarify that this averment is not relevant to any basis for remedy sought of dismissal with bar to refiling of 180 days.

5. Debtors neither deny or admit averment #5, but if an answer is required deny Movant's characterization of what is not relevant to any basis for the remedy sought of dismissal with bar to refiling of 180 days.

6. Debtors deny averment #6, yet clarify that mind set or intentions are not known or is there evidence that any interest expressed by debtors on social

media to investigate values or costs of equipment is evidence of anything and plead affirmatively that creditor fails to comply with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007, or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Movant's "naked assertions" are "devoid of factual enhancement" and his "labels and conclusions" are insufficient to justify a determination of bad faith to warrant a bar to refile of 180 days. Debtors' assets have been duly disclosed and seek protection of this Court from collection of all their creditors.

7. Debtor requests that the Court Order Movant creditor to seek formal, pertinent and reasonable discovery. Debtors will not oppose a professional valorization of the assets by an expert appraiser at cost to the creditor or discovery within reason of debtors' financial situation as duly and completely disclosed in their bankruptcy petition.

8. Debtors neither deny or admit averment #7. If an answer is required debtors reiterate that debtor Johnny Crespo is 'employed' by a Corporation that was validly and duly incorporated since 2013 and is the Resident Agent. Debtors deny Movant's characterization of what is not relevant to support any basis for remedy sought of dismissal with bar to refiling of 180 days. Movant's characterizations continue to be his own "labels and conclusions" and not relevant to carry his burden of proof for a determination of bad faith sufficient to warrant a bar to refile of 180 days.

9. Debtors neither deny or admit averment #8. If an answer is required debtors reiterate that debtor Johnny Crespo is 'employed' by a Corporation that was validly and duly incorporated since 2013 and is the Resident Agent. Refer to debtors' Answer to *Objection to Confirmation* at doc #73. Debtor husband is employed by the duly incorporated business of JCM CONSTRUCTION LLC and is the named Resident Agent, this fact has been duly disclosed in the case showing creditor's continuous and repeated lack of due diligence. Refer to doc #26 SOFA item #27 filed on May 29, 2017.

10. Debtors deny Movant's characterization of what is not relevant to support any basis for remedy sought of dismissal with bar to refiling of 180 days. Movant's characterizations continue to be his own "labels and conclusions" and not relevant to carry his burden of proof for a determination of bad faith sufficient to warrant a bar to refile of 180 days.

11. Debtors neither deny or admit averment #9. If an answer is required debtors deny Movant's characterization of what is "troubling" to Movant is ultimately rhetoric and hypothesis and theories without precise or concrete evidence or substantiated pleadings relevant to support any basis for remedy sought of dismissal with bar to refiling of 180 days. Movant's characterizations continue to be his own "labels and conclusions" not relevant to carry his burden of proof for a determination of bad faith sufficient to warrant a bar to refile of 180 days.

12. Averment #10 does not require an answer and is but ultimately rhetoric and argument without precise or concrete or substantiated definite pleadings relevant to the issue of bad faith to warrant a bar to refile.

13. Debtors plead affirmatively that creditor fails to comply with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007, or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Movant's "naked assertions" are "devoid of factual enhancement" and his "label and conclusions" are insufficient. Debtors' assets and liabilities have been duly disclosed and debtors deny any lack of good faith on their part to seek to rehabilitate under chapter 13.

14. Neither case cited at ¶10 are relevant to Movant's quest through unsupported bald assertions, theories, labels and conclusions. *In re Puffer* 674 F 3d 78 (1st Cir. 2012) deals with a "fee only plan" which is inapposite and not the case at bar or good faith in this context. The plan complies with good faith and liquidation value as per §§1322 and 1325. *Marrama*, 594 U.S. 365 (2007) is of course a chapter 7 case which dealt with ability of a chapter 7 debtor to voluntarily convert to a chapter 13 when the debtor did not qualify for chapter 13 protection.

15. Averment #11 does not require an answer and is but rhetoric and argument. Debtors plead affirmatively that creditor fails to comply with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007, or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Movant's "naked assertions" are "devoid of factual enhancement" and his "label and conclusions" are insufficient. Debtors' assets and liabilities have been duly disclosed and debtors deny any intent or is there evidence to show that they have not been truthful, straightforward in their disclosures regarding their financial situation to this Court other than Movant's rhetoric and theories and bald and naked assertions devoid of factual enhancement.

16. Averment #12 does not require an answer and is but rhetoric and argument. Debtors plead affirmatively that creditor fails to comply with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007, or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Movant's "naked assertions" are "devoid of factual enhancement" and his "label and conclusions" are insufficient. Debtors' assets have been fully and duly disclosed and debtors deny any conduct or intent of improper purpose. The elements and circumstances in this case do not warrant exercise of the extraordinary power and authority given to this Court under §105(a) reserved for extreme and extraordinary cases where abuse cannot be sanctioned under another available provision of the Bankruptcy Code.

17. Averment #13 does not require an answer and is but rhetoric and argument without precise or concrete or substantiated definite pleadings relevant to the issue of bad faith to warrant a bar to refile.

18. Debtors plead affirmatively that creditor fails to comply with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007, or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Movant's "naked assertions" are "devoid of factual enhancement" and his "label and conclusions" are insufficient. Debtors' assets have been fully and duly disclosed and debtors deny any conduct or intent of improper purpose. The elements and circumstances in this case do not warrant exercise of the extraordinary power and authority given to this Court under §105(a) reserved for extreme and extraordinary cases where abuse cannot be sanctioned under another available provision of the Bankruptcy Code.

19. Debtors deny averment §14 and is but rhetoric and argument devoid of facts or substantiated or definite pleadings.

20. Debtors plead affirmatively that creditor fails to comply with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007, or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Movant's "naked assertions" are "devoid of factual enhancement" and his "label and conclusions" are insufficient.

21. Movant's judgment is a collection of monies judgment and there has been no judicial determination of "defrauding" creditor. It is especially clarified that creditor's characterization of facts and mis-statements continue to show Movant's failure to meet his burden of proof or demonstrate any basis for dismissal for bad faith or sufficient to warrant a bar to refile of 180 days.

22. Averment #15 does not require an answer and is but rhetoric and argument without precise or concrete or substantiated definite pleadings.

23. Debtors plead affirmatively that creditor fails to comply with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007), or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Movant's "naked assertions" are "devoid of factual enhancement" and his "label and conclusions" are insufficient to warrant a determination of bad faith in this case sufficient for dismissal with a bar to refile of 180 days.

24. Paragraph #16 does not require an answer.

DEBTORS' CONCLUSION & AFFIRMATIVE DEFENSE

Debtors have not made any misrepresentations or have they failed to accurately state their assets, liabilities or expenses. A close look at the case as a whole shows no facts to show bad faith and the totality of circumstances does not warrant a finding of bad faith under §1307, 1325(a)(3) or even less basis under §349. Most, if not all case law on 'bar to re-filing' relate to factors neither cited or supported by Movant in any of his vague, imprecise, labels and conclusions. Movant's pleadings are imprecise and vague and are not relevant or have these been alleged with supporting argument and/or admissible evidence by Movant creditor in this case.

These debtors have no history of successive chapter 13 cases, nor is there evidence that the debtors in this case have been less than accurate in stating their debts and expenses. Movant's allegations are but mere conjecture. There is no evidence shown or can be proven that debtors have been dishonest in their representations to the court, or that the Bankruptcy Code has been unfairly manipulated, nor is there presence in this case of types of debts sought to be discharged and that the debts sought to be discharged in the chapter 13 cannot be discharged in a chapter 7, nor has there been admitted into evidence anything to support anything other than debtors' motivation and sincerity in seeking chapter 13 relief. *Gonzalez Ruiz* . Creditors argument, conjecture, wishful and unsupported conclusions of mis-stated facts do not comply minimally with a definite statement or argument to warrant dismissal for bad faith or with a bar to refiling of 180 days.

The style portrayed by this creditor throughout these proceedings shows a 'shotgun' or 'ambush' of these debtors to penalize them for seeking what almost the entire population of our beautiful but insolvent Puerto Rico suffers, the impossibility of economic survival, but for bankruptcy.

Although debtors have fallen back on plan payments recently, these have resulted from genuine economic restraints and have nothing to do with their motivation and sincerity in seeking Chapter 13 relief. Debtors' default is as of November, 2017 which was their last payment of $400 and precisely post Hurricane Maria, which has exacerbated an already negative disposable income determined at petition date in this case.

In the absence of elements or factors to warrant a bar to refiling and in accordance with this creditor's minimal and deficient evidence or argument, the burden of proof has not been

satisfied nor has it shifted in this case to the debtors, as such this Court should deny this creditor's motion to dismiss.

This creditor is unnecessarily adding to the expense of defending this case by repeatedly filing unsupported facts or law or cases, but rather his own conclusions and labels and continues devoid of factual enhancements to his naked assertions. Debtors' well pled response to this creditor's *Objection to Confirmation* filed at doc #54-- is referenced and incorporated herein.

Both Movant's *Objection to Confirmation* and his *Motion to Dismiss* should be denied and debtors allowed to propose a new plan to cure their default caused by the obvious cause of unexpected expenses and hardship caused most recently by Hurricane Maria and more remotely but nevertheless a lasting impact on debtors with the passing of their daughter and the void and depression caused to them by her untimely and unexpected death.

WHEREFORE debtors respectfully pray that the Court find for the debtors and determine that:

- Movant has failed at this date to initiate formal discovery mechanisms and to date lacks facts or evidence of circumstances in this case to warrant a determination of bad faith to justify and support a dismissal with a bar to refiling another bankruptcy case for any period of time.

- Conclude that the allegations by Movant fail to comply in this contest matter with minimum pleading standards under *Twombly*, 550 U.S. 544, 570 (2007, or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009);

- Conclude that Movant's "naked assertions" are "devoid of factual enhancement" and are his own "labels and conclusions" and are insufficient to warrant dismissal with a bar to refile of 180 days;

- Conclude that Movant's characterizations are lacking of fact and evidence and his *Motion to Dismiss* and his *Objection to Confirmation* must both be denied.

CERTIFICATE OF SERVICE: I hereby certify that on this date I electronically filed this motion with the Clerk of the Court using CmEcf which sends notification of such filing to participants therein, especially to counsel for Movant and to the Chapter 13

Trustee. Non-participants in CmEcf will be noticed via regular mail as per matrix attached herein.

Date: May 1, 2018.

s/**MIRIAM S. LOZADA RAMÍREZ, ESQ**.
TEL (787) 834-3004
FAX (787) 986-7346
CELLULAR (787) 514-1078
miriamlozada@gmail.com
PASEO LOS ROBLES
3020 JOSE MONGE
MAYAGUEZ, PUERTO RICO 00682